IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNILOC USA, INC., *et al*. | § § § § | |
| v. | § § | CIVIL ACTION NO. 6:15-CV-1001 |
| ACRONIS, INC. | § § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Acronis's Opposed Motion for Award of Attorney's Fees and Costs (ECF 183). Having duly considered the motion, response (ECF 187), reply (ECF 191) and sur-reply (ECF 193), the motion is **DENIED**.

## BACKGROUND

Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg, S.A. ("Uniloc") filed a Complaint for Patent Infringement against Defendant Acronis, Inc. ("Acronis") on November 20, 2015. Uniloc also filed a case—Civil Action No. 6:15-cv-1003—against Defendant Chief Architect, Inc. ("Chief Architect") and the cases were consolidated.[1] Uniloc alleged that Defendants infringed United States Patent No. 7,024,696 ("the '696 patent"), entitled "Method and System for Prevention of Piracy of a Given Software Application Via a Communications Network." The Court conducted a claim construction hearing on January 26, 2017 and issued a Memorandum Opinion and Order on February 21, 2017 resolving the claim term disputes.

---

[1] The consolidation additionally included Civil Action No. 6:15cv1004, 6:15cv1005, 6:15cv1006, 6:15cv1007 and 6:15cv1008. *See* Order of Consolidation, ECF 30.

Uniloc and Chief Architect filed a Stipulation of Dismissal with Prejudice three days later on February 24, 2017. Subsequently, on April 3, 2017, Uniloc filed a Motion to Dismiss Voluntarily, seeking dismissal of the complaint against Acronis with prejudice. Acronis filed a response to the motion asserting that the Order of Dismissal should include a finding that Acronis is the prevailing party, estop Uniloc from pursuing litigation on any claims of the patent-in-suit, as opposed to only claims asserted in the present litigation, and estop Uniloc from pursuing litigation against Acronis's affiliates and customers.

The Court conducted a hearing on the motion to voluntarily dismiss. At the hearing, the parties resolved all disputes related to estoppel. The parties agreed to include the following language in the Order of Dismissal:

> Plaintiffs, on behalf of themselves and anyone acting on their behalf, are estopped to sue Defendant, Defendant's affiliates, and Defendant's customers for any claim of patent infringement, direct or indirect, with respect to the U.S. Patent No. 7,024,696 ("the '696 patent") against any Acronis product that is not colorably different from the accused products made, used, sold, offered for sale or imported into the United States, whether in the past, present or future, and whether such product is sold by Defendant or any other person, customer, or reseller of Defendant.

The parties additionally agreed that Plaintiffs would pay costs to Acronis in the amount of $4,356.20. The Court entered a Report and Recommendation on the motion to dismiss, which was adopted in an Order Adopting Report and Recommendation of the United States Magistrate Judge on May 31, 2017.

Acronis then filed its Opposed Motion for Award of Attorneys' Fees and Costs pursuant to 35 U.S.C. § 285. Acronis asserts that this is an exceptional case warranting an award of fees and costs because Uniloc advanced an objectively unreasonable theory of infringement that was based on an objectively unreasonable claim construction. Specifically, Acronis asserts that Uniloc's claim construction equated the claim limitation "the number of times an **attempt** has

been made to . . . activate" to Acronis's system that "counts the number of times the product serial number has been **activated**." *See* Defendant Acronis' Opposed Motion for Award for Attorneys' Fees and Costs, ECF 183, at *10 (emphasis in original). Acronis asserts that it notified Uniloc early in the litigation in its initial disclosure that the accused products do not meet the "attempts" limitation because Acronis's accused products only count activations. Acronis submits that Uniloc failed to develop an objectively reasonable theory of infringement prior to filing the lawsuit and then ignored Acronis's evidence of non-infringement.

In addition, Acronis asserts that this is an exceptional case due to Uniloc's delay in seeking a voluntary dismissal. Acronis submits that Uniloc waited six weeks after the Court entered the claim construction opinion to file a motion to dismiss, while simultaneously failing to prepare expert reports and seeking a settlement with Acronis. As a result of the delay, Acronis proceeded with its expert witness preparation due to the impending report deadline. Acronis asserts that Uniloc sent notification two days prior to its own expert report deadline that it did not intend to serve reports. Acronis describes this case as settlement-driven litigation and states that this case is the twenty-fourth case filed by Uniloc on this patent, with the twenty-three prior cases settling at early stages. Acronis presented these same arguments to the Court at the hearing on Uniloc's motion for voluntary dismissal in the context of its position on estoppel.

Comparing Uniloc's relatively small demand with Acronis's attorney's fees and costs incurred through claim construction, Acronis argues that Uniloc sought a nuisance value settlement. Acronis seeks to recover attorney's fees in the amount of $535,600.00, expert fees in the amount of $27,000.00, and costs in the amount of $51,000.00, for a total award of $613,600.00.

In its response, Uniloc describes this case as a "vanilla" patent case that should not result in an award of fees pursuant to 35 U.S.C. § 285. *See* Plaintiffs' Response in Opposition to

Defendants' Motion for Award of Attorneys' Fees and Costs, ECF 187, at *4. Uniloc contends that its claim construction argument was reasonable and not frivolous and that it was advanced in good faith. Uniloc submits that both parties argued for a plain meaning construction of "attempt," but disagreed on the plain meaning of the term. Uniloc also asserts that there were delays in producing Acronis's source code that resulted from disagreements concerning how and where the code would be produced and whether it would be made available for review on consecutive days. As a result of the delay, Uniloc argues that there was no time for an expert to review the code and write a report in a timely fashion.

With regard to settlement negotiations, Uniloc submits that there were ongoing settlement discussions between the parties following an unsuccessful mediation. Uniloc asserts that Acronis sought to settle the case for the purchase of a portfolio license and threatened to file an IPR to invalidate the '696 patent. Uniloc notes that Acronis's IPR was later denied by the PTAB. Prior to the issuance of the Court's claim construction opinion, Uniloc again contacted Acronis with an offer of settlement concerning the '696 patent. According to Uniloc, Acronis did not respond. A little over a week after the claim construction opinion issued, Uniloc again contacted Acronis seeking to settle the '696 patent case for a smaller amount. Acronis allegedly expressed an interest in a portfolio license but the parties could not agree on a price. Uniloc denies Acronis's assertion that Uniloc sought to settle both the '696 patent case and another patent case, referred to as the '216 patent case, together for a small amount. Instead, Uniloc submits that Acronis rejected Uniloc's offer and made a counteroffer for Uniloc to pay Acronis, dismiss the case and include a covenant not to sue on the '696 patent. The parties could not agree on terms for dismissal and Uniloc filed its opposed motion to dismiss.

In its reply, Acronis argues that Uniloc failed to provide any evidence showing that it did not proceed with an unreasonable claim construction and Uniloc did not have any basis for settlement negotiations after the Court entered its claim construction opinion. Acronis asserts that Uniloc's delay in seeking dismissal after claim construction resulted in significant fees and costs in preparing its invalidity expert report and non-infringement report that make this case rise to the level of an exceptional case.

Uniloc's sur-reply re-urges its position that its infringement position was reasonable and asserted in good faith. Uniloc notes that it succeeded on three of the four claim construction issues and that it reached settlements for substantial sums with many other entities to acquire licenses to the '696 patent. Uniloc submits that Acronis did not expend significant sums on its invalidity report because the report largely mirrored Acronis's previously filed IPR and no deposition notices or subpoenas were served by Acronis between the deadline for seeking reconsideration of the claim construction opinion and the filing of Uniloc's motion to dismiss.

## APPLICABLE LAW

"The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. Prior to the Supreme Court's decision in *Octane Fitness*,[2] Federal Circuit precedent required the prevailing party to produce clear and convincing evidence that the opposing party's claims were objectively baseless and brought with subjective bad faith to declare a case exceptional. *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381–82 (Fed Cir. 2005). Rejecting both the clear and convincing evidence standard and the two-part test, the Supreme Court held that an exceptional case under § 285 is "simply one that stands out from others with respect to the substantive strength of a party's litigating position (concerning both the

---

[2] *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 134 S.Ct. 1749 (2014).

governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness*, 134 S. Ct. at 1756. Further, district courts "may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* at 1757. As the Supreme Court noted, "a case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id.*

## DISCUSSION AND ANALYSIS

A defendant is a prevailing party for purposes of costs or for the purpose of seeking fees pursuant 35 U.S.C. § 285 when a plaintiff voluntarily dismisses its case against the defendant with prejudice. *Highway Equipment Co., Inc. v. FECO, Ltd.*, 469 F.3d 1027, 1035 (Fed. Cir. 2006). Uniloc voluntarily dismissed this case with prejudice. In addition, the Court's Order dismissing this case expressly states that Acronis is the prevailing party. *See* Order Adopting Report and Recommendation of the United States Magistrate Judge, ECF 180, at *2.

Acronis asserts that Uniloc presented an unreasonable claim construction position. Claim 15 of the '696 Patent recites the transmission of service data "when the number of times an *attempt* has been made to obtain said service data in order to activate at least part of the functionality of said software application assigned to such unique identification code is fewer than a predetermined threshold." During claim construction, the parties agreed that the term "attempt" should be given its plain meaning but disputed what the plain meaning would include. Uniloc argued that the plain meaning of "attempt" would include the number of successful attempts, unsuccessful attempts, or both.

The Court determined that the claim language and the specification, however, both show that the plain meaning includes all attempts (both successful and unsuccessful attempts) to obtain

6

the service data. *See* Memorandum Opinion and Order, ECF 162, at *10–11. Specifically, the claim language shows that "the limitation tracks the number of 'attempts' to obtain service data for activating the software application and whether that number exceeds a certain predetermined threshold." *Id*. at *10. "Claim 15 does not state what is tracked is the number of activations or installations of the software exceeds a predetermined threshold." *Id*. In addition, the Court stated that Uniloc deviated from the specific claim language to the extent it argued that "attempt" would only mean the number of successful attempts (activations). The claim language explicitly refers to "the number of times an attempt has been made to obtain service data." '696 Patent at 10:55–56 (Claim 15). The Court's claim construction opinion additionally noted that "the specification indicates that only attempts are tracked, not activations." *See* Memorandum Opinion and Order, ECF 162, at *11. The specification does not reference actual activations or installations of the software application. Instead, it references attempts to activate. *Id*. (citing the '696 Patent at 4:40–44). For these reasons, contrary to Uniloc's position, the Court construed "attempt" to have its plain meaning, which includes all attempts (both successful and unsuccessful attempts) to obtain the service data.

Notably, "[r]easonable minds can differ as to claim construction positions and losing constructions can nevertheless be nonfrivolous." *Raylon, LLC v. Complus Data Innovations, Inc*., 700 F.3d 1361, 1368 (Fed.Cir. 2012). In a recent case in this District, the Court concluded that the plaintiff's conduct was not unreasonable when compared with other patent typical cases and denied the defendant's § 285 motion. *See Umbanet, Inc. v. Epsilon Data Management, LLC*, Civil Action No. 2:16-CV-682 (E.D.Tex. Aug. 31, 2018). The reasoning in the *Umbanet* case is equally applicable here:

> Harshly judging the efforts of losing parties in light of the successes of the prevailing party is a tempting path to take but one which quickly becomes a slippery

> slope, running contrary to the directives of binding precedent. Fee shifting under § 285 may only be undertaken when the case "stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated." *Octane Fitness*, 134 S.Ct. at 1756. Recognition that other cases, indeed, most cases, do not warrant an imposition of fees aptly delineates a margin of error for a losing party within which this situation clearly falls. The goal of avoiding chilling access to the courts teaches that cases located in this margin should not be considered exceptional. This case does have some weaknesses, but, frankly, most cases do.

*Id*., ECF 155, at *6.

While Uniloc's position on the construction of "attempt" had weaknesses and was ultimately unsuccessful, it has not been shown that Uniloc presented "exceptionally meritless claims"[3] or that Uniloc's conduct was "unreasonable in comparison to a mine-run patent case." *Id*. This case does not stand out from others "with respect to . . . the unreasonable manner in which the case was litigated." *Octane Fitness*, 134 S.Ct. at 1756.

Acronis also argues that Uniloc's litigation conduct makes this an exceptional case. Acronis submits that Uniloc's six-week delay in filing the motion to voluntarily dismiss after the Court entered its claim construction opinion was excessive. The arguments and evidence presented by both sides paint a picture of ongoing settlement discussions before and after the Court entered its claim construction opinion. The discussions following claim construction involved significantly decreased demands by Uniloc and centered on the terms of dismissal. Ultimately, the terms of dismissal were not resolved until the Court conducted a hearing on Uniloc's motion to dismiss. Acronis submits that it incurred expenses as a result of the delay. Following the entry of the claim construction opinion, the Court granted a joint motion to extend the expert report deadline. When the parties were unable to reach an agreement on the terms of dismissal prior to

---

[3] *See* Octane Fitness, 134 S.Ct. at 1757.

the expiration of the extended deadline, Acronis did not seek an additional extension in an effort to mitigate its expenses.

Viewing all of the facts and circumstances surrounding this litigation, Acronis has not shown that Uniloc intentionally presented a frivolous claim or acted with bad faith. *See Octane Fitness*, 134 S.Ct. at 1757. The case was hard fought on both sides, and there is no evidence, for example, of intentional misrepresentations or misleading statements by Uniloc throughout the litigation. *See SFA Systems, LLC v. Newegg Inc.*, 793 F.3d 1344, 1351. Similarly, the existence of multiple other suits by Uniloc on this patent "does not mandate negative inferences about the merits or purpose of this suit." *Id*. Acronis has not shown that Uniloc filed multiple suits with no intention of testing the merits of its claims. *Id*. Indeed, Uniloc proceeded to claim construction in this case. Acronis has not met its burden of proving that the case is "exceptional" by a preponderance of the evidence when considering the totality of the circumstances and that it stands out from others with respect to the substantive strength of Uniloc's position.

*Expert Fees*

Expert fees are not awardable under 35 U.S.C. § 285, but they may be awarded pursuant to the Court's inherent power to award fees. *Takeda Chem. Indus., Ltd. v. Mylan Labs, Inc*., 549 F.3d 1381, 1391 (Fed. Cir. 2008). Such an award requires a "finding of fraud or abuse of the judicial process." *Amsted Indus., Inc. v. Buckeye Steel Castings Co.*, 23 F.3d 374, 378 (Fed. Cir. 1994). A litigant's "bad faith and vexatious litigation conduct" may result in a finding that such fees are appropriate. *Takeda Chem. Indus., Ltd. v. Mylan Labs, Inc*., 549 F.3d at 1391. For the reasons set forth above, the facts presented here do not show bad faith or an abuse of the judicial process. It is therefore

**ORDERED** that Defendant Acronis's Opposed Motion for Award of Attorney's Fees and Costs (ECF 183) is **DENIED**.

So ORDERED and SIGNED this 8th day of February, 2019.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE